Dye, J.
The petitioner, a candidate aggrieved, herewith challenges for insufficiency the form and contents of the Democratic party primary ballot proposed by the Nassau County Board of Elections (Election Law, § 330, subd. 3).
While section 11 of the Election Law requires, whenever the rules of the State committee provide for equal representation of the sexes from each unit—that the primary ballot list the candidates for party position separately by sexes, we do not read it as prescribing that the listing as to sex shall be in any particular form or method, so long as the sex of the'candidate for party position is clearly and plainly indicated. This the board proposes to do here by the use of the word “ male ” or ‘ ‘ female ’ ’, as the case may be, after the name of each candidate. This, in our view, is neither forbidden by nor inconsistent with anything said in section 11. Furthermore, when the board proposes to group the names of the candidates in accordance with the same designating petitions, it is pursuant to specific authorization contained in subdivision 2 of section 104. When it does so, it may validly put at the head of each group a blank circle, and surround it with the plainly printed instruction: “ For a straight ticket mark within the circle ”, as provided in subdivision 6 of section 108.
We regard as insubstantial the challenge directed to the validity of the 1955 amendment to section 104 as a constitutional enactment.
The party primary ballot in the form and contents as proposed by the Nassau County Board of Elections is not violative of the Election Law. We pass on no other question.
The order appealed from should be affirmed.